IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUMITOMO CORPORATION OF AMERICAS. <br> Plaintiff, <br><br> v. <br><br> M/V THOR FEARLESS, her engines, tackle, boilers, etc. *in rem*, <br><br> v. <br><br> THORESON SHIPPING SINGAPORE PTE. LTD.; SINOMAR SHIPPING CO., LTD; SHRODER MARINE SERVICES, INC., a/k/a COOPER/PORTS AMERICA <br><br> Defendants. | § § § § § § § § § § § § § § § § § § | C.A. NO. _____ <br> Admiralty Rule 9(h) |

# COMPLAINT

1. Plaintiff, Sumitomo Corporation of Americas. ("Sumitomo") by its attorneys, Hill Rivkins LLP, complaining of the M/V Thor Fearless, Thoreson Shipping Singapore Pte. Ltd. ("Thoreson"), Sinomar Shipping Co. Ltd. ("Sinomar"), and Schroder Marine Services, Inc., n/k/a Cooper/Ports America ("Schroder"), (collectively "Defendants"), alleges upon information and belief:

**A.**

2. This court has admiralty, maritime or pendent jurisdiction over this claim within the meaning of 28 U.S.C. § 1333, and Rule 9(h) of the Federal Rules of Civil Procedure, or pursuant to 9 U.S.C.A. § 8, preservation of *in rem* security for arbitration.

**B.**

3.  At and during all the times hereinafter mentioned, Sumitomo was the consignee and owner of the cargo in question and brings this action on its own behalf and on behalf of all who may become interested in the cargo. Sumitomo had and now has the legal status and principal office and place of business stated in Schedule A attached.

### C.

4.  At and during all the times hereinafter mentioned, Thoreson, and Sinomar had, and now have, the legal status and offices and places of business stated in Schedule A. They were, and now are, engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and controlled the above-named vessel which now is, or will be, within the jurisdiction of this Court, or another U.S. court of competent jurisdiction, during the pendency of this action. Plaintiff requests that the court permit later service of the *in rem* aspect of this case, awaiting this foreign vessel's return to the United States for service of *in rem* process.

### D.

5.  At and during all the times hereinafter mentioned, Schroder Marine Services, Inc., a/k/a Cooper/Ports America, had and now has the legal status and offices and places of business stated in Schedule A. They were, and now are, engaged in business in Texas as stevedores, cargo handlers, tallymen, bailees, storage providers, and/or warehousemen in the Port of Houston, and they undertook to deliver Plaintiff's cargo to specified receivers as responsible maritime service providers.

### E.

6.  On or about October 30, 2022, at the port of Shanghai, China, the M/V THOR FEARLESS and defendants Thoreson and Sinomar received, in good order and

condition, the shipment described in Schedule A, which the vessel and defendants accepted and agreed to transport for certain consideration to the Port of Houston, Texas.

F.

7. Thereafter, the vessel arrived at the Port of Houston, where the cargo was found short delivered, contaminated by seawater or other aggressive chemical substance, and /or physically damaged, causing monetary damages to Plaintiff as enumerated herein. On information and belief, the vessel and defendants Thoreson and Sinomar breached, failed and violated their duties and obligations as common carriers and were otherwise at fault.

G.

8. On or about December 17, 2022, at the Port of Houston, there was delivered to defendant, Schroder, the shipment described in Schedule A, which the said defendant received and agreed to discharge, handle, tally, bail, sort, identify, store, and/or deliver to certain receivers in the Port of Houston.

H.

9. Defendant Schroder warranted expressly or by implication of law, to plaintiff and/or its benefits, to act carefully, and in a workmanlike manner, in the discharge, handling, tallying, storing, and/or delivering and transportation of the cargo.

I.

10. Thereafter, by its negligent tallying, delivering, handling, sorting, identifying, discharging and transportation of the cargo at the Port of Houston, said defendant Schroder caused and/or contributed to the damage to, and short delivery of, said shipment, which occurred while the cargo was in the possession of Schroder.

J.

13.     Plaintiff further alleges, in the alternative and without waiving the above cause of action, that all defendants were bailees of plaintiff's cargo described in Schedule A. Defendants delivered the cargo described in Schedule A in a damaged or short delivered condition which did not exist at the time of plaintiff's/bailor's delivery to the bailee as described in Schedule A. Defendants breached their duties and obligations as bailees and were negligent.

K.

15.     Alternatively, and without waiving the above-stated claims, Plaintiff alleges that Schroder accepted delivery of the entirety of the cargo from the vessel, and failed to reasonably tally, handle, sort, identify, discharge and timely deliver the cargo to the correct receiver at the Port of Houston. After direct inquiry, Schroder failed to deliver some of the cargo and converted same to its own use. Plaintiff therefore prays for recovery of the principal amount of this claim for conversion under Texas law, along with attorney's fees and punitive damages for Schroder's acts or omissions involving an extreme degree of risk (concerning Schroder's failure to reasonably tally, handle, sort, identify, discharge and timely deliver the cargo to the correct receiver at the Port of Houston) and for which Schroder had actual subjective awareness of the risk of non-delivery and yet Schroder nevertheless proceeded with conscious indifference or willful neglect of the rights of Plaintiff in the exercise of Schroder's duties to Plaintiff's goods.

L.

11.     Plaintiff was the shipper, consignee and/or owner of the shipment and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all

parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

**M.**

16. Plaintiff has duly performed all duties and obligations on its part to be performed.

**N.**

17. By reason of the above-stated premises, plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of ONE HINDRED ONE THOUSAND NONE HUNDRED EIGHTY-SIX AND 42/100 DOLLARS ($101,986.42).

**O.**

18. All and singular the premises are true and within the admiralty, maritime, and pendent jurisdiction of the United States and of this Honorable Court.

Wherefore, Plaintiff prays:

1. That summons in due form of law may issue against Defendants;

2. That a judgment may be entered in favor of plaintiff against defendants, one or more of them, for the amount of plaintiff's damages together with interest and the costs and disbursements of this action;

3. That process in due form of law according to the practice of this court in causes of admiralty or maritime jurisdiction may issue against said the vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters stated, and this court will be pleased to pronounce a judgment in favor of plaintiff for damages together with interest,

costs and disbursements, and the motor vessel may be condemned and sold to pay therefor; and

    4. That this court will grant to plaintiff such other and further relief as may be just and proper.

                                  Respectfully submitted,

                                  DANA K. MARTIN
                                  SDTX I.D. No.: 126
                                  Texas Bar No.: 13057830
                                  HILL RIVKINS LLP
                                  1,000 N/. Port Oak Rd, Suite 220
                                  Houston, Texas 77055
                                  Telephone:   (713) 446-9311
                                  Direct Line:   (713) 457-2287
                                  Facsimile:   (713) 222-1359
                                  E-mail: dmartin@hillrivkins.com
                                  E-mail: htaylor@hillrivkins.com

                                  **ATTORNEYS FOR PLAINTIFF**
                                  **SUMITOMO CORPORATION OF**
                                  **AMERICAS**

## VERIFICATION

THE STATE OF TEXAS     *
                                         *
COUNTY OF HARRIS     *

Dana K. Martin, being duly sworn, deposes and says:

I am an attorney and member of the firm of Hill Rivkins LLP, attorneys for Plaintiff. I am over twenty-one (21) years of age and fully competent to make this Verification. I have read the foregoing Complaint and know its contents. The Complaint is true to my knowledge, except as to the matters stated in the Complaint to be based on information and belief, and as to those matters, I believe them to be true.

The source of my information and the grounds for my belief as to those matters stated in the Complaint, to be alleged on information and belief, are documents and records in my files.

Dana K. Martin

Subscribed and sworn to before me, the undersigned authority, this 6th day of December, 2023.

Notary Public, State of Texas
My Commission Expires 4/2/24

ROSA LANDIN
Notary ID #4267395
My Commission Expires
April 2, 2024

7

## SCHEDULE A

## LEGAL STATUS AND PLACE OF BUSINESS OF PARTIES

Plaintiff, **Sumitomo Corporation of Americas** was and now is a New York corporation, with a certificate of authority to do business in Texas, with an office and place of business at 1500 Post Oak Blvd., Suite 1500, Houston, TX 77056.

**M/V THOR FEARLESS** was at all material times a general cargo ship sailing under a Singapore flag. The vessel was built in 2005, its call sign is 9V2183, and its gross tonnage is 31,385 tons.

Defendant, **THORESON SHIPPING SINGAPORE PTE. LTD.** ("THORESON"), was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Texas, and thus may be served through Hague Convention Service, F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home office at:

Thoreson Shipping Singapore Pte., Ltd.
127A Telok Ayer Street
Singapore 068596

Defendant, **Sinomar Shipping Co. Ltd.** ("Sinomar"), was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Texas, and thus may be served through Hague Convention Service, F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home office at:

c/o Sinomar Shipping Co. Ltd.
Floor 18, No. 600, MinSheng Road
PuDong New District
Shanghai, China

Defendant, **Schroder Marine Services, Inc. a/k/a Cooper/Ports America ("Schroder")**, was and now is a Texas corporation with power to sue and be sued, which regularly does business in Texas and/or the United States as a stevedore of goods, which does maintain a designated agent on whom service may be made, and thus may be served through its registered agent for the State of Texas, at:

Mr. Jorgen R Schroder
c/o Schroder Marine Services
1717 East Loop North
Houston, TX 77029

## DESCRIPTION OF SHIPMENT

| | |
|---|---|
| Vessel: | M/V Thor Fearless |
| Date of Shipment: | October 30, 2022 |
| Port of Shipment: | Shanghai, China |
| Port of Discharge: | Houston, Texas |
| Shipper: | OCTG Supply Inc. |
| Consignee: | Sumitomo Corporation of Americas |
| Description of Shipment: | Steel Pipe |
| Nature of Loss or Damage: | physical damage |
| Amount: | $101,986.42 |