IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUMITOMO CORPORATION OF AMERICAS | * | |
|     Plaintiff | * | CIVIL ACTION NO. 4:23-cv-4584 |
| v. | * | |
| M/V THOR FEARLESS, her Engines, tackle, boilers, etc. *in rem* | * | |
|     Defendants | * | |
| v. | | |
| THORESON SHIPPING SINGAPORE PTE. LTD.; SINOMAR SHIPPING CO., LTD; SHROEDER MARINE SERVICES, INC., a/k/a COOPER/PORTS AMERICA | * * | |
| | * | |

* * * * * * * * * * * *

## ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS COOPER/PORTS AMERICA, LLC AND SCHRODER MARINE SERVICES, INC.

NOW INTO COURT, through undersigned counsel, come Defendants, Cooper/Ports America, LLC (hereinafter referred to as "C/PA") and Schroder Marine Services, Inc., (hereinafter referred to as "Schroder") (collectively, "Defendants"), who for Answer to the First Amended Complaint from Plaintiff herein, Sumitomo Corporation of Americas ("Sumitomo"), respectfully aver as follows:

### FIRST DEFENSE

The First Amended Complaint and the claims and allegations contained therein are precluded or barred by the statute of limitations, or laches, or failure to give timely or sufficient notice of claim as provided by the governing contract of carriage or the appliable law, and regulations promulgated thereunder, including but not limited to, applicable tariffs in the Port of Houston.

## SECOND DEFENSE

The First Amended Complaint fails to state a claim, right, or cause of action against these Defendants upon which relief can be granted.

## THIRD DEFENSE

Sumitomo is not the real party interest, or has no right of action, or no interest in instituting the First Amended Complaint.

## FOURTH DEFENSE

And now, answering each and every allegation of fact contained in Plaintiff's First Amended Complaint, Defendants C/PA and Schroder respond as follows:

1.

The allegations contained in Paragraph 1 contains require no response from these Defendants; however, to the extent a response is required, the allegations are denied for lack of sufficient information necessary to justify belief therein.

2.

The allegations contained in Paragraph 2 contains legal conclusions requiring no response from these Defendants; however, to the extent a response is required, the allegations are denied for lack of sufficient information necessary to justify belief therein.

3.

The allegations contained in Paragraph 3 are denied for lack of sufficient information necessary to justify belief therein.

4.

The allegations contained in Paragraph 4 are denied for lack of sufficient information necessary to justify belief therein.

5.

The allegations contained in Paragraph 5 are denied as written except to admit that Schroder does business in Texas.

6.

The allegations contained in Paragraph 6 are denied as written except to admit that C/PA does business in Texas as a stevedoring company at the Port of Houston.

7.

The allegations contained in Paragraph 7 are denied for lack of sufficient information necessary to justify a belief therein.

8.

The allegations contained in Paragraph 8 are denied for lack of sufficient information necessary to justify belief therein.

9.

The allegations contained in Paragraph 9 are denied.

10.

The allegations contained in Paragraph 10 are denied.

11.

The allegations contained in Paragraph 11 are denied.

12.

The allegations contained in Paragraph 12 are denied.

13.

The allegations contained in Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph 14 are denied.

15.

The allegations contained in Paragraph 15 are denied.

16.

The allegations contained in Paragraph 16 are denied.

17.

The allegations contained in Paragraph 17 are denied.

18.

The remaining, unnumbered paragraph of Plaintiff's Complaint do not require a response by these Defendants; however, to the extent that a response is required, said allegations are denied.

**FIFTH DEFENSE**

Further Answering the First Amended Complaint, C/PA and Schroder specifically plead the application of by-laws and regulations of the United States of America whether statutory, regulatory, or common law, with respect to Bills of Lading, the Interstate Carriage of Goods by Motor Carrier between destinations of the United States of America, and the International Carriage of Good by Sea, including, but not limited to, COGSA, Harter Act, or HAGUE-VISBY, the claims asserted against these Defendants.

**SIXTH DEFENSE**

Further Answering, these Defendants specifically plead the terms, conditions, and limitations of all applicable contracts of affreightment, appliable bill of lading, any applicable Tariff as if they were set forth and copied herein *in extenso* in defense of the claims asserted herein.

## SEVENTH DEFENSE

Further Answering, these Defendants aver that if merchandise that is the subject of the Complaint was damaged or lost as alleged, which is specifically denied, any such damage or loss did not occur while it was in the care, custody or control of these Defendants or their agents or their servants.

## EIGHTH DEFENSE

Further Answering the First Amended Complaint, these Defendants aver that if the merchandise that is the subject of this lawsuit was damaged or lost as alleged, which is specifically denied, the said damage or loss occurred either before said cargo entered into the care and custody of these Defendants, or after the merchandise exited the care and custody of these Defendants, for which these Defendants are not responsible.

## NINTH DEFENSE

Further Answering, these Defendants aver that the cargo that if the merchandise that is the subject of this lawsuit was damaged or lost as alleged, which is specifically denied, that said damage or loss did not occur through any fault or negligence on the part of these Defendants or their agents, or their servants, but, instead resulted from an Act of God, act of public enemy; act of the shipper; act of the public authority; and inherent vice, nature or defect of the good shipped; or insufficiency of the cargo's packaging, or other fault or negligence on the part of third parties which these Defendants are not responsible, barring or reducing recovery herein to Plaintiff in proportion to said fault.

## TENTH DEFENSE

Further Answering, these Defendants aver that if the merchandise which is the subject of this lawsuit was damaged or lost as alleged, which is specifically denied, then said damage or loss

result from an act, default or omission of the shipper, consignee, Plaintiff or other party who claims an interest in this shipment, or from violation from the shipper, consignee, Plaintiff, or any other party who claims an interest in the shipment of any of the terms and conditions contained in the applicable bill of lading, or contract of affreightment, or lawfully filed Tariff, for which these defendants are not liable.

## ELEVENTH DEFENSE

Further Answering, these Defendants aver that if the merchandise which is the subject of the lawsuit was damaged or lost as alleged, which is specifically denied, then these Defendants or their agents or their servants are entitled to limit their liability in accordance with the laws contained in Title 49 U.S. Code including the Carmack Amendment and associated regulations promulgated thereunder, or the laws contained in Title 46 of the U.S. Code including the Harter Act, 46 U.S.C. § 190 *et seq.*, and the Carriage of Goods by Sea Act, 46 U.S.C. § 1300 *et seq.*, or the terms and conditions contained in the applicable bill of lading, contract of the affreightment, charter party, or lawfully filed Tariff.

## TWELVETH DEFENSE

Further Answering the First Amended Complaint, these Defendants aver that the merchandise which is the subject of the lawsuit is found to be damaged or lost as alleged, which is specifically denied, then said damage or loss was caused by the cargo not being in good order and condition, or improperly loaded or stored at the time of delivery to these defendants.

**WHEREFORE**, Defendants, Cooper/Ports America, LLC and Schroder Marine Services, Inc., pray that their Answer be deemed good and sufficient and after due proceedings are had, there be judgment herein favor of Cooper/Ports America, LLC and Schroder Marine Services, Inc., and against Plaintiff dismissing the First Amended Complaint and any amending Complaints

with prejudice at the Plaintiff's cost for all other general and equitable relief as the nature of the case may permit and which this Honorable Court may grant.

> Respectfully submitted,
>
> **BLUE WILLIAMS, L.L.C.**
>
> By:   */s/ Jon Van Steenis*
>      Jon Van Steenis
>      TX Fed. Bar # 369723
>      jvansteenis@bluewilliams.com
>      1021 Main Street, Suite 1950
>      Houston, TX 77002
>      Telephone: (346) 576-8807
>      Fax: (713) 658-0330
>      Service:
>      Houston-Service@bluewilliams.com
>
> **Attorneys for Defendants Cooper/Ports America, LLC and Schroder Marine Services, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of March, 2024, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to opposing counsel by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to all non-CM/ECF participants.

>      /s/Jon Van Steenis
>      Jon Van Steenis